

# Missouri Court of Appeals

## Southern District

### Division One

DANYEL AUBURN NOBLES,    )
                            )
        Petitioner-Respondent,    )
                            )
       v.                     )          No. SD35872
                            )
JOHN MOLLENKAMP, ACTING    )          Filed:  August 27, 2019
DIRECTOR, DEPARTMENT OF    )
REVENUE of the STATE OF MISSOURI, )
and DEPARTMENT OF REVENUE of the )
STATE OF MISSOURI,    )
                            )
        Respondents-Appellants.    )

### APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

Honorable Thomas D. Swindle, Special Judge

**<u>REMANDED</u>**

       This is an appeal by the Director of Revenue ("Director"), following a Butler County Circuit Court judgment granting plaintiff Danyel Auburn Nobles's ("Nobles") petition to reinstate his driver's license following an administrative denial.  Director's filed Answer included Exhibit A, which consisted of Department of Revenue records and included an alcohol influence report.  A trial was held on April 24, 2018, in which "[p]ursuant to the agreement of the parties, [they] agree to submit this matter based upon

the Alcohol Influence Report of . . . the Highway Patrol." In a judgment issued on November 20, 2018, the trial court found, "That [Director] lack[ed] probable cause to submit the alcohol influence report into evidence." (Emphasis added.) Based on that finding, the trial court ordered, adjudged and decreed that: "[Director] has failed to meet its burden to show that the arresting officer had reasonable grounds to believe that [Nobles] was driving a motor vehicle while in an intoxicated condition."

Director claims error in the trial court finding that it "lacked probable cause to submit the alcohol influence report into evidence" because it was properly certified. (Emphasis added.) We cannot ascertain from the judgment whether the trial court determined that the stipulated document was not admissible or whether the court determined that the document did not provide evidence of whether probable cause existed to support the contention that Nobles was driving a motor vehicle while in an intoxicated condition. Because we cannot determine from the judgment the legal basis for the reinstatement of Nobles' driving privileges, we cannot fault Director's point relied on for failing to address the issue of whether there was probable cause to support the judgment. Director suggests a remand to the trial court to clarify the ruling. We agree.

We remand to the trial court to clarify whether the alcohol influence report was admitted into evidence or whether the judgment was based upon a credibility determination that the officer did or did not have reasonable grounds to believe that Nobles was driving a motor vehicle while in an intoxicated condition.

Nancy Steffen Rahmeyer, J. – Opinion Author

Gary W. Lynch, P.J., – Concurs

William W. Francis, Jr., J. – Concurs